# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

MARY L. RICHARDS, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 2:07-CV-0103-RWS
BESAM US, INC. and THE :
KROGER CO.., :
:
    Defendants. :

## **ORDER**

This case is before the Court for consideration of Defendant Besam US, Inc.'s Motion for Summary Judgment [47]. The Motion in unopposed. After reviewing the record, the Court enters the following Order.

## **Factual Background**

Plaintiff filed this action seeking to recover for injuries she allegedly received on August 12, 2005, while entering a Kroger store in Dawsonville, Georgia. The door to the Kroger store was a four-panel automatic door. The two middle panels slide open, and the two side panels are breakout panels that can be opened in an emergency. When Plaintiff approached the door, the panel on the right side of the door was open, and Plaintiff started through that

opening. As she walked through the opening, the automatic door slid open and hit her.

The Dawsonville Kroger opened in 1997, and the door at issue was installed during the construction of the store. The door was manufactured by Defendant Besam U.S., Inc. ("Besam"). Prior to the incident, Besam had serviced the door on two occasions, the last service occurring on March 12, 2002.

The electronic operation of the door is governed by a control box. The control box contains a socket that is connected to the breakout switches on the glass panels on either side of the moving doors. The purpose of the breakout switches is to prevent the moving doors from operating if either of the side panels is open. When a plug for the breakout switches is inserted into a socket in the control box, the breakout switches are enabled. Without that plug in the designated socket, the moving doors can operate when one of the side panels is open.

Besam technician, Mghi Mai last serviced the door on March 12, 2002, when he replaced the door's control box. After replacing the control box, Mr. Mai checked to insure that the correct plug was in the designated breakout

2

socket. He also checked to insure that the breakout switches operated properly. Upon completion of his work, Mr. Mai determined that the breakout switches were operating properly.

In November 2007, Besam was contacted by Kroger because the door was not functioning properly. On November 15, 2007, Besam sent Rick Summerville to service the door. He discovered that the plug for the breakout switches was not in its correct socket. With the plug for the breakout switches not in its correct socket, the automatic doors can move even when the glass side panels are open.

## **Discussion**

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the non-movant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S.

3

317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Besam asserts that it is entitled to summary judgment because the record is void of any evidence that supports a claim by Plaintiff against Besam. The Court agrees. More than three (3) years passed between the time Besam last serviced the door and the date of Plaintiff's alleged injury. Uncontradicted evidence establishes that the door was functioning properly after Besam last serviced the door. Following the incident, the breakout switches were not enabled because they were not placed in the correct socket. There is no evidence that Besam was in any way responsible for that condition. On the present record, there is no basis for liability on the part of Besam.

## Conclusion

Based on the foregoing, Besam's Motion for Summary Judgment [47] is hereby **GRANTED**. The Clerk shall enter judgment in favor of Defendant Besam US, Inc.

4

**SO ORDERED**, this  28th  day of May, 2009.

_____
**RICHARD W. STORY**
United States District Judge

5